UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
Scott L. Poff, Clerk
United States District Court
By Ericka Sharpe at 1:39 pm, Oct 10, 2018

BOARD OF TRUSTEES, I.B.E.W. LOCAL
UNION 508 PENSION FUND and BOARD
OF TRUSEES, I.B.E.W LOCAL UNION
508 HEALTH AND WELFARE FUND,

        Plaintiffs,

v.

RABEY ELECTRIC COMPANY, INC.,

        Defendant.

_____/

Civil Case No.:

CV418-238

## COMPLAINT

The Board of Trustees of the I.B.E.W. Local Union 508 Pension Fund ("Pension Fund") and the Board of Trustees of the I.B.E.W. Local Union 508 Health and Welfare Fund ("Health and Welfare Fund," and collectively, the "Funds"), hereby sue Defendant, Rabey Electric Company, Inc. and allege as follows:

### NATURE OF THE ACTION

1. This is an action by the Boards of Trustees of the Funds (hereinafter "Trustees" or "Plaintiffs") to collect contributions owed to the Funds by Defendant, Rabey Electric Company, Inc. ("Defendant"), which is obligated to contribute to the Funds pursuant to the provisions of a collectively bargained agreement, as well as a confirmed Chapter 11 Bankruptcy Plan of Reorganization.

## PARTIES

2. Plaintiffs are the Boards of Trustees of the Funds. The Funds hold assets for employee benefit plans within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3), and are "multiemployer plans" pursuant to ERISA Section 3(37), 29 U.S.C. § 1002(37).

3. Defendant is a corporation incorporated under the laws of the State of Georgia. At all times relevant to this action, Defendant employed members of the International Brotherhood of Electrical Workers Local Union No. 508 (the "Union"), and was an "employer" within the meaning of ERISA Section 3(5), 29 U.S.C. § 1002(5). Defendant maintains its principal place of business at 10 Bryce Industrial Drive, Savannah, Georgia 31405.

## JURISDICTION AND VENUE

4. This action is brought pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, to collect delinquent contributions owed to the Funds by Defendant. This Court has exclusive subject matter jurisdiction over this action pursuant to ERISA Section 502(e)(1), 29 U.S.C. §1132(e)(1).

5. Additionally, the Funds' claim against Defendant for breach of the confirmed Chapter 11 Bankruptcy Plan of Reorganization arises from the same set of common allegations as the ERISA claims. Accordingly, this Court has supplemental jurisdiction over said claim pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2), because the breach occurred in this District and Defendant resides in this District.

7. Copies of this Complaint have been served upon the Secretary of Labor and the Secretary of the Treasury by Certified Mail in compliance with the provisions of ERISA Section 502(h), 29 U.S.C. § 1132(h).

8.      All conditions precedent to the maintenance of the causes of action alleged herein have been complied with, have occurred either in fact or by operation of law, or have been waived.

## FACTUAL ALLEGATIONS

**A.      Common Allegations**

9.      At all times relevant to this action, Defendant was a party to successive collective bargaining agreements with the Union.

10.     Defendant entered into an Inside Working Agreement, dated September 1, 2014 ("2014 CBA") with the Union, which remained in effect until August 31, 2017. A true and correct copy of the 2014 CBA is attached hereto as **Exhibit A**.

11.     Thereafter, on or about September 1, 2017, Defendant entered into an Inside Working Agreement ("2017 CBA") with the Union, which remained in effect until August 31, 2018. A true and correct copy of the 2017 CBA is attached hereto as **Exhibit B**.

12.     The 2014 CBA and 2017 CBA each provided that Defendant was not only bound by the CBA's terms, but was also bound by the respective Declarations of Trust for the Pension Fund and the Health and Welfare Fund ("Trust Agreements"), and any rules and/or regulations promulgated pursuant thereto. True and correct copies of the Declarations of Trust for the Pension Fund and the Health and Welfare Fund are attached hereto as **Exhibits C and D**, respectively.

**B.      Pre-Bankruptcy Delinquent Contributions**

13.     Pursuant to the 2014 CBA, Defendant was obligated to make fringe benefit contributions (collectively "Contributions") at specific rates to the Funds on behalf of its employees covered by the 2014 CBA.

14. In July of 2016, Defendant owed delinquent Contributions to the Funds.

15. On July 27, 2016, Defendant filed a Voluntary Petition for Bankruptcy under Chapter 11 of the United States Bankruptcy Code.

16. On December 20, 2017, the United States Bankruptcy Court for the Southern District of Georgia approved and confirmed the Third Amended Plan of Reorganization and the amendments thereto ("Plan of Reorganization"). A true and correct copy of the Plan of Reorganization, as well as the Order confirming the plan, is attached hereto as **Exhibit E**, and is incorporated herein by reference.

17. Pursuant to the Plan of Reorganization, the Funds were to be treated as Class 7 Creditors, and the Plan of Reorganization provided: "Commencing June 1, 2018, and for a period of sixty (60) months following, each Class 7 Creditor will receive a pro rata share of $9214.78, (the amount necessary to amortize $442,449.20, at 5.2% simple interest for sixty (60) months)." Under the schedule of Class 7 Creditors, the amount of the Funds' allowed claim was $180,520.70.

18. Additionally, the Order confirming Plan of Reorganization provided: "Notwithstanding any contrary provision of the plan, this Court does not retain jurisdiction to adjudicate claims against the Debtor arising out of a breach of the terms of the confirmed plan." (Exh. E).

19. Pursuant to the Plan of Reorganization, commencing June 1, 2018, Defendant was obligated to make monthly payments to the Funds equal to the Funds' pro rata share of the total monthly payment amount of $9,214.78, and to continue said payments for a period of sixty (60) months.

20. However, Defendant failed to remit payment to the Funds on June 1, 2018, and thereafter, failed to make the payments due for the months of July and August.

21. As such, on August 9, 2018, the Funds sent a letter to Defendant, reminding Defendant of its obligations under the Plan of Reorganization. Additionally, in the letter, the Funds inquired as to the reasons for Defendant's failure to remit payment in accordance with the Plan of Reorganization, and requested that Defendant forward the delinquent payments to the Funds immediately.

22. Following the Funds' August 9, 2018 letter, Defendant failed to provide an adequate reason for its delinquency, failed to remit the delinquent payments to the Funds, and failed to make the September or October 2018 payments to the Funds.

23. To date, the Funds have not received any payments from Defendant due under the Plan of Reorganization.

C.  **Post-Bankruptcy Delinquent Contributions**

24. Pursuant to the 2017 CBA, effective from September 1, 2017 through August 31, 2018, Defendant was obligated to make monthly Contributions to the Funds at specific rates based upon hours worked by employees covered by the 2017 CBA.

25. The 2017 CBA provided that Defendant was required to mail a payroll report stating the names of employees and hours worked, as well as payment for the appropriate amount of Contributions based upon the payroll report, to the Georgia Receiving and Administration Fund, which was to receive the payment and payroll report no later than fifteen (15) calendar days following the end of each calendar month.

26. Beginning in May of 2018, Defendant failed to timely pay the Contributions due for the months of April, May, June, July, and August of 2018.

27. The 2017 CBA provided that in the event an employer failed to make the required Contributions and was in default, the employer would be subject to liquidated damages in the amount of 15% of the delinquent payment, in an amount not less than the sum of $20, for each month payment was delinquent to the Fund. Further, the 2017 CBA provided that any such amount would be added to and become part of the Contributions due, and that the total amount due and owed would bear interest at the rate of ten percent (10%) per annum until paid.

28. On August 13, 2018, the Funds sent a letter to Defendant, reminding him of his Contribution obligations, and demanding payment for the delinquent Contributions for the months of April, May, and June of 2018, as well as liquidated damages and interest.

29. On August 13, 2018, Defendant paid the base delinquent Contributions owed for April of 2018, but failed to make payment for the liquidated damages and accrued interest on the Contributions and liquidated damages.

30. Similarly, on August 31, 2018, Defendant paid the base delinquent Contributions owed for May of 2018, but again failed to pay the associated liquidated damages and accrued interest.

31. Likewise, on September 10, 2018, Defendant paid the base delinquent Contributions owed for June of 2018, but again failed to remit payment for liquidated damages and interest.

32. Additionally, Defendant has also failed to pay the Contributions owed for July and August of 2018.

33. Thereafter, on September 24, 2018, the Funds sent a second letter to Defendant, demanding payment for all outstanding delinquent Contributions, as well as liquidated damages and accrued interest. The letter provided Defendant with a ten-day grace period to pay the

outstanding amounts due, and informed Defendant that its failure to do so would result in the Funds proceeding with legal recourse.

34. Following the Funds' September 24, 2018 letter, Defendant failed to remit the outstanding delinquent sums to the Funds.

35. To date, the following sums remain unpaid and owing by Defendant:

   i. Liquidated damages and interest relating to the delinquent April 2018 Contributions;

   ii. Liquidated damages and interest relating to the delinquent May 2018 Contributions;

   iii. Liquidated damages and interest relating to the delinquent June 2018 Contributions;

   iv. The Contributions due for July 2018, as well as liquidated damages and interest; and

   v. The Contributions due for August 2018, as well as liquidated damages and interest.

## COUNT I
### Breach of Confirmed Plan of Reorganization

36. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 23 of the Complaint as though fully set forth herein.

37. On December 20, 2017, the United States Bankruptcy Court for the Southern District of Georgia approved and confirmed the Plan of Reorganization in Defendant's bankruptcy case.

38. Pursuant to the Plan of Reorganization, commencing June 1, 2018, Defendant was obligated to make monthly payments to the Funds equal to the Funds' pro rata share of the total monthly payment amount of $9,214.78.

39. Defendant breached the confirmed Plan of Reorganization by failing to make the June 1, 2018 payment to the Funds, and all subsequent payments.

40. The Funds have been damaged as a result of Defendant's breach of the Plan of Reorganization.

WHEREFORE, Plaintiffs demand judgment against Defendant, Rabey Electric Company, Inc., for damages, including all amounts due pursuant to the Plan of Reorganization, together with interest, costs, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II
### Violation of ERISA Section 515

41. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 12 and 24 through 35 above as though fully set forth herein.

42. At all times relevant, Defendant was a party to the 2017 CBA, and was bound by the 2017 CBA and the Trust Agreements incorporated by reference therein.

43. The documents and instruments governing the Funds, including the 2017 CBA and the Trust Agreements, obligated Defendant to make specified Contributions to the Funds in connection with work performed by covered employees.

44. Since May of 2018, Defendant has failed and/or refused to timely submit pay reports and pay the corresponding Contributions owed.

45. To date, Defendant has failed to remit payment for Contributions owed for July and August of 2018, as well as liquidated damages and interest relating to the delinquent Contributions for April, May, June, July, and August of 2018.

46. Despite demand, no portion of such Contributions, liquidated damages, and/or interest have been paid to the Funds.

47. Pursuant to ERISA Section 502, 29 U.S.C. § 1132, the 2017 CBA, and the Trust Agreements, the Defendant's actions in failing and/or refusing to timely remit the Contributions owed, as alleged herein, entitles Plaintiffs to recover from Defendant liquidated damages, accrued thereon from the date each payment was due and owing until paid; all pre and post-judgment contractual and statutory interest; and collection costs and reasonable professional fees.

48. The Funds have reasonably been required to spend sums of money in an effort to collect the delinquent Contributions, and have incurred or will incur professional fees, including attorneys' fees, as well as related costs and expenses, which are recoverable from Defendant pursuant to ERISA Sections 502 and 515, 29 U.S.C. §§ 1132 and 1145, and the 2017 CBA and the Trust Agreements.

WHEREFORE, Plaintiffs demand judgment against Defendant, Rabey Electric Company, Inc., for the amount of all outstanding delinquent Contributions, plus any Contributions that may become delinquent throughout the pendency of this action, as well as all liquidated damages and interest, together with all reasonable attorneys' fees, expenses, and costs incurred by Plaintiffs in bringing this action, and for such other and further relief as the Court deems just and proper under the circumstances.

**SMITH, GAMBRELL & RUSSELL, LLP**

By: */s/ Brian Patrick Hall*
    Brian Patrick Hall, Esq.
    Georgia Bar No. 318171
    bhall@sgrlaw.com
    Suite 3100, Promenade
    1230 Peachtree Street, NE
    Atlanta, GA 30309
    Jacksonville, FL 32202
    Tel: (404) 815-3573
    Fax: (404) 685-6873
    *Attorney for Plaintiffs*

```
ORIGIN ID:NRBA    (904) 598-6119        SHIP DATE: 08OCT18
ASHLEY SALANE                           ACTWGT: 0.50 LB
                                        CAD: 105048935/INET4040
50 NORTH LAURA STREET
SUITE 2600
JACKSONVILLE, FL 32202                  BILL SENDER
UNITED STATES US
```

TO **ATTN: CLERK OF COURT**
**U.S.D.C - SOUTHERN DISTRICT OF GA**
**125 BULL STREET**

**SAVANNAH GA 31401**
(912) 650-4020                REF: 1428
INV: LOCAL 508_RABEY
PO: 058853.006                        DEPT: 1428



**TUE - 09 OCT 10:30A**
**PRIORITY OVERNIGHT**

TRK# 7734 2360 2576
0201

**XX SAVA**                        31401
                            GA-US   SAV



10/8/2018